UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT L. HOOPER, | Case No. 2:25-cv-03409-DJC-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| STANCERA, ET AL. | (ECF Nos. 7, 18) |
| Defendant. | |

Pending before the Court are Defendants Stanislaus County Employees' Retirement Association ("StanCERA"), Thomas Stadelmaier, Donna Wood, and CalPERS' CEO's motions to dismiss the Complaint.[1] (ECF Nos. 7, 18.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the March 17, 2026 hearing.

For the reasons that follow, the Court recommends GRANTING the motions to dismiss and DISMISSING the Complaint with leave to amend.

/ / /

/ / /

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff's Complaint is sparsely detailed and instead refers to several exhibits attached to the Complaint, requiring the parties and the court to interpret those exhibits. Plaintiff is a retired public safety employee alleging he has "vested pension rights." Compl. ¶ 7 He brings this action against Defendants StanCERA, StanCERA Executive Director Thomas Stadelmaier, Member & Employment Services Donna Wood, Does 1-5, and the CalPERS CEO. *Id*. at ¶¶ 7-11.

Plaintiff's action challenges "the ongoing deprivation of Plaintiff's vested pension rights and retaliatory conditioning of an administrative hearing on dismissal of Plaintiff's court case." *Id*. at ¶ 1. Plaintiff alleges he "sought corrections no later than October 27, 2020." *Id*. at ¶ 14. Plaintiff alleges he has filed lawsuits against both Defendant StanCERA and CalPERS in Stanislaus County and Sacramento County, California, respectively. *Id*. at ¶ 20. On October 6, 2024, Plaintiff alleges StanCERA's counsel directed him to request a hearing, which Plaintiff alleges he later made on December 10, 2024. *Id*. at ¶ 15. Plaintiff later alleges that "after his suit began," StanCERA representatives approached Plaintiff and stated, "a hearing would be provided only if Plaintiff first dismissed his case." *Id*. at ¶ 16. On or about November 12 to 13, 2025, Plaintiff alleges StanCERA's counsel approached him again, stating that they would be able to schedule a hearing. *Id*. at ¶ 19. Plaintiff replied that he would respond "next week," and alleges StanCERA never offered, noticed, or set a hearing date. *Id*.

### B.    Procedural Posture

Plaintiff commenced this action on November 24, 2025, by filing a Complaint against Defendants StanCERA, Thomas Stadelmaier, Donna Wood, Does 1-5, and

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

CalPERS' CEO. (ECF No.1.) On December 30, 2025, Defendants StanCERA, Stadelmaier, and Wood filed a motion to dismiss with a hearing noticed for March 17, 2026. (ECF No. 7.) On January 27, 2026, Defendant CalPERS CEO filed a motion to dismiss. (ECF No. 18.) On January 28, 2026, Plaintiff filed an opposition to the motion to dismiss filed by Defendants StanCERA, Stadelmaier, and Wood. (ECF No. 20.) On January 29, 2026, Plaintiff filed an opposition to the motion to dismiss filed by Defendant CalPERS CEO. (ECF No. 21.) On March 9, 2026, the Court vacated the March 17, 2026 hearing pursuant to Local Rule 230(g). (ECF No. 23.)

## II.      LEGAL STANDARDS

### A.      Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238,

1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B.     Subject Matter Jurisdiction under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

**C.     Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual

4

allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III.    DISCUSSION**

The Complaint raises four claims: (1) procedural due process under the Fourteenth Amendment against Defendants Stadelmaier and Wood in their individual capacities, and against Defendant StanCERA under *Monell*; (2) First Amendment retaliation against Defendants Stadelmaier and Wood in their individual capacities, and against Defendant StanCERA under *Monell*; (3)  *Monell* claim against Defendant StanCERA; and (4) declaratory and injunctive relief under *Ex parte Young* against Defendant CalPERS CEO.

Defendants StanCERA, Stadelmaier, and Wood move to dismiss arguing Plaintiff has failed to state a procedural due process claim under the Fourteenth Amendment, failed to state a retaliation claim under the First Amendment, and failed to plead *Monell* liability against Defendant StanCERA, and that Plaintiff's claims are barred by qualified immunity. Defendant CalPERS CEO moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendant CalPERS CEO further argues that Plaintiff's request for injunctive relief is improper, the Court should abstain from ruling upon Plaintiff's declaratory relief claim because the same issue is pending in state court, and Plaintiff has failed to allege presentation of a government claim. Because the Court recommends dismissal based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), it declines to reach the qualified immunity, propriety of injunctive relief, abstention, and presentment arguments.

**A.    Rule 8 Pleading Requirements**

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. Plaintiff's allegations fail to give with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes,* 84 F.3d at 1129. A review of Plaintiff's Complaint reveals it consists

of "[t]hreadbare recitals of the elements" of his causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

In addition, Plaintiff may not simply attach various documents to his complaint and require the court and parties to interpret those documents and identify what his allegations may be based on the attached documents. *See Bruce v. Becerra,* 2024 WL 7017263, at *3 (S.D. Cal. Sept. 13, 2024) ("Plaintiff cannot merely cite to the voluminous investigation reports and exhibits attached to the Complaint, he must clearly state how Defendant is alleged to have violated his legal rights and link those allegations to his actual legal claims, and he must do so within the actual complaint."). The Complaint itself must contain Plaintiff's allegations that support his claims in short and plain statements. *See* Fed. R. Civ. P. 8.

### B.    Fourteenth Amendment Due Process Claim

Defendants StanCERA, Stadelmaier, and Wood argue that the Complaint fails to state a due process claim where Plaintiff does not plead a constitutionally protected property interest and where adequate process is available even if Plaintiff had a constitutionally protected property right. StanCERA Mot. (ECF No. 7-1 at 4-7).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Further, to state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a

6

constitutionally protected property interest). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

"For a plaintiff to have a property interest in a benefit… He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *See Roth*, 408 U.S. at 577. Defendants argue Plaintiff does not have a legitimate claim of entitlement to pension payments and is deemed a "new member" according to the Public Employees' Pension Reform Act ("PEPRA"). StanCERA Mot. at 5-6. Plaintiff's employment and benefit status are not, however, appropriate determinations for the court to make in resolving a motion to dismiss. In addition, making such determinations would require interpreting exhibits attached to the Complaint in an attempt to piece together Plaintiff's employment history and would improperly convert this motion to dismiss to a motion for summary judgment. *See Bruce,* 2024 WL 7017263, at *3. The Complaint fails to sufficiently allege a procedural due process claim where its allegations are conclusory. *See* Compl. ¶ 25; *see Rote v. Committee on Judicial Conduct and Disability of Judicial Conference of United States*, 577 F. Supp. 3d 1106, 1131-32 (D. Or. 2021) (finding a procedural due process claim failed based on "speculative, conclusory, and unsupported" allegations); *see also Seagraves v. Department of Children Youth and Families*, 2025 WL 1031306, at *8-9 (W.D. Wash. Apr. 7, 2025) (finding procedural due process claim fails for same reasons). Therefore, the Complaint fails to state a due process claim.

### C.    First Amendment Retaliation Claim

Defendants further argue that Plaintiff has failed to state a First Amendment retaliation claim. The Court agrees. As stated above, to state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri*, 901 F.2d at 699. To state a First Amendment retaliation claim, "a plaintiff must plausibly allege 'that (1) he was engaged

in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary fitness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'" *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)). "A plaintiff must show that the defendant's retaliatory animus was a 'but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent retaliatory motive.'" *Id*. (quoting *Hartman v. Moore*, 547 U.S. 250, 260 (2006)).

Here, Plaintiff alleges he engaged in a constitutionally protected lawsuit by filing his prior action in state court. He further alleges that Defendant StanCERA "conditioned access to an administrative hearing on Plaintiff first dismissing his case." Compl. ¶ 26. Plaintiff adequately pleads that he was engaging in a constitutionally-protected activity by filing a lawsuit. *See Pime Healthcare Services, Inc. v. Services Employees Intern. Union*, 97 F. Supp. 3d 1169, 1196 (S.D. Cal. 2015) ("The right to petition the government extends to the courts and, thus, includes the right to file certain lawsuits."). However, Plaintiff's conclusory allegation that Defendant StanCERA's actions were "substantially motivated by Plaintiff's protected activity" is insufficient. Compl. ¶ 26. These allegations are formulaic recitations of a cause of action, which are insufficient to state a claim under Rule 12(b)(6). *See Iqbal*, 566 U.S. at 678. Accordingly, Plaintiff fails to state a First Amendment retaliation claim.

**D.    *Monell* Claims**

The Complaint raises a Fourteenth Amendment procedural due process claim and a First Amendment retaliation claim, in addition to a third cause of action that alleges policy-related constitutional violations as *Monell* claims against Defendant StanCERA. The Complaint is therefore construed to raise § 1983 claims against Defendant StanCERA under a *Monell* theory of liability for violations of the Fourteenth Amendment procedural due process and the First Amendment.

"In order to establish municipal liability [under *Monell*], a plaintiff must show that a

'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070. Plaintiff alleges "the constitutional violations were caused by StanCERA's policies, customs, or final-policymaker decisions," citing alleged refusal to provide hearings on classification, and "conditioning a hearing on dismissal." Compl. ¶ 27. Because the headings for the due process and First Amendment claims state "Monell against StanCERA," the Court construes the reference to constitutional violations in the third claim for "*Monell* liability" to be references to alleged due process and First Amendment violations. *See* Compl. at 3, 4. Plaintiff pleads minimal allegations and fails to sufficiently state a *Monell* claim. As they relate to an ongoing policy to deprive constitutional rights, the allegations are conclusory. The Court dismisses Plaintiff's *Monell* claims against Defendant StanCERA.

///

**E.      Claim Against Defendant CalPERS CEO**

The only claim raised against Defendant CalPERS CEO is the fourth claim for declaratory and injunctive relief. Compl. ¶ 28. Plaintiff cites *Ex parte Young* as his authority to bring Defendant CalPERS CEO into this action. Compl. ¶ 28. "The *Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their official capacities--notwithstanding the sovereign immunity possessed by the government itself." *Vann v. U.S. Department of Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012). Plaintiff requests declaratory and injunctive relief "requiring the CalPERS CEO to set and conduct a fair, unconditional hearing," among other relief. Compl. ¶ 28.

Defendant CalPERS CEO argues Plaintiff failed to plead allegations regarding subject matter jurisdiction. Def. CalPERS CEO Mot. at 4. This argument fails. The Complaint expressly alleges federal question jurisdiction, and the Complaint expressly raises § 1983 claims based on alleged constitutional violations. *See* Compl. ¶ 6; *see id. generally*.

Defendant CalPERS CEO also argues Plaintiff has failed to state a claim. Def. CalPERS CEO Mot. The Court agrees. Plaintiff fails to allege any constitutional violations, let alone any facts, against Defendant CalPERS CEO. *See* Compl. Further, "[a] request for injunctive relief by itself does not state a cause of action." *Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). Even though Plaintiff has cited federal authority, he fails to state a claim against Defendant CalPERS CEO upon which relief could be granted. Therefore, the Court dismisses Plaintiff's request for declaratory and injunctive relief.

**F.      Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also Fed. R. Civ. P. 15(a)(2).

The Court finds it appropriate to recommend granting Plaintiff an opportunity to amend the Complaint. Plaintiff should be provided an opportunity to amend his Complaint to the extent he can allege facts that sufficiently plead his claims. Plaintiff is warned that conclusory and broad allegations are insufficient to meet Rule 8. Plaintiff is again warned that the amended complaint itself must contain all his allegations supporting his claims. Plaintiff may not simply attach various documents to an amended complaint in lieu of including his allegations in the amended complaint itself. Therefore, the Court recommends the Complaint be dismissed with leave to amend.

The amended complaint filed should be titled "First Amended Complaint." **Plaintiff should not file a First Amended Complaint until after the district judge rules on these findings and recommendations. The district judge's order will address whether Plaintiff has permission to file a First Amended Complaint and if leave to amend is granted, the deadline for filing.**

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendant to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a

general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## IV.   CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.   Defendants StanCERA, Thomas Stadelmaier, and Donna Wood's motion to dismiss (ECF No. 7) be GRANTED.

2.   Defendant CalPERS' CEO's motion to dismiss (ECF No. 18) be GRANTED.

3.   The Complaint (ECF No. 1) be DISMISSED with leave to amend.

4.   Plaintiff be granted twenty-one (21) days from any order adopting these findings and recommendations to file an amended complaint. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, hoop.3409.25.mtd

12